DEAN and others *against* The Commonwealth.

IN ERROR.

In an indict-
ment for forci-
ble entry, it is
sufficient to
describe the
premises as
" a certain
close of two
acres of arable
land, situate in
S. township, in
the county of
H. being part
of a large tract
adjoining lands
of A. B. and
C. D."

ERROR to the Court of Quarter Sessions of *Huntingdon* county, to remove an indictment and conviction of forcible entry.

The only question was, whether the following description in the indictment, of the land into which the defendants entered, was sufficient: " A certain close of two acres of arable land, situate in *Shirley* township, in the county aforesaid, being part of a large tract of land adjoining lands of " *Andrew Dimond* and *Henry Hoshell.*" The Court below had arrested the judgment.

*S. Riddle*, for the Commonwealth.

The descriptions in indictments in general, are not more certain than the present. [He then referred to fourteen precedents of indictments in similar cases in *Huntingdon* county.] The land could not be otherwise described, except by course and distance; which it is not in the power of a prosecutor to obtain, as the defendant may keep possession by force and prevent the obtaining of a survey. It is sufficient, if the description be as precise as is required in an ejectment. *Hawk.* b. 1. c. 64. sect. 37. And if the prosecutor is restored to the wrong land, the Court will rectify the error.

*Tod* and *Huston*, contra.

The description of two acres, part of a large tract, is too general. It is not said to whom the large tract belonged. If restitution were awarded, the sheriff cannot know where to make it. In ejectment the notes of the Judge will shew to what land the plaintiff proved title, and relief in a summary way will be given. But here the prosecutor may elect any two acres in the tract he pleases.

The opinion of the Court was delivered by

TILGHMAN C. J. This is an indictment for a forcible entry and detainer. The error assigned is, in the description of the land into which the entry, &c. was made. It is described as "a certain close of two acres of arable land, situate in "*Shirley* township, in the county of *Huntingdon*, being part "of a larger tract of land adjoining lands of *Andrew Di-* "*mond* and *Henry Hoshell*." It is the opinion of *Hawkins*, that an indictment of this kind does not require greater certainty of description than an ejectment. (b. 1. ch. 64. sect. 37.) Now the description in this case would certainly have been sufficient in an ejectment, before the late act of assembly, which prescribes certain particulars, not necessary at common law. But this act does not extend to indictments. We have here, the number of acres, the quantity of the land, and the boundaries of the larger tract of which it is part. Supposing, that there are no buildings, it would not be easy to give a better description, without resorting to course and distances, which have never been thought necessary. It is said, that the sheriff will not know the land of which he is to

DEAN
and others
*v.*
The Commonwealth.

make restitution.   Perhaps he will not, until it is shewn to him ; for it is difficult to give such a description in writing, as would enable a man to find out the spot, without assistance.   The same difficulty often occurs in ejectments.   The writ of *habere facias possessionem* in ejectment, is much like the writ of restitution in an indictment.   In both, the sheriff receives information from the party who is to receive possession, and in both, the Court who heard the evidence, will superintend the execution and guard against injustice.   It is worthy of consideration, that many precedents have been produced, with no greater certainty than the present indictment; and indeed, it is not denied by the counsel for the defendant in error, that the description in this case, is pretty much like that which it has been usual to give.   I am, therefore, of opinion, that the judgment of the Court of Quarter Sessions should be reversed, and judgment entered for the Commonwealth.   Restitution is to be made to *David Johns* the prosecutor, and the record remitted to the Court of Quarter Sessions, with directions to carry the judgment of this Court into effect, and to inflict a fine on the defendants.

> Judgment reversed, and judgment for the Commonwealth.   Restitution to be made to *David Johns*, and the record remitted to the Court of Quarter Sessions, with directions to carry the judgment of this Court into effect, and inflict a fine on the defendant.